Jon H. Weiner, OSB #993944
jweiner@nw-attorneys.com
Harris Law Firm, *Of Counsel*
1415 Commercial St SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### Portland Division

ALEXANDREA CROMWELL,

       Plaintiff,

   v.

UNIVERSITY CLUB, a domestic nonprofit
corporation; Josh Wilcox, an individual; &
Tom Penn, an individual,

       Defendants.

_____

Case No.

**COMPLAINT**

**Claims for violations of Title VII of the
Civil Rights Act of 1964 (Title VII), 42
USC §§ 2000, et seq., 42 U.S.C. §§ 1988;
State law claims for Sex Discrimination
and related retaliation; Aiding and
Abetting Sex Discrimination and related
retaliation; violation of Oregon Victim
of Certain Crimes Leave Act; violation
of Oregon Family Leave Act; ORS
659A.004, et seq.; ORS 659A.030, et
seq.; ORS 659A.885; ORS 659A.150, et
seq.**

**(Demand for Jury Trial)**

Plaintiff alleges:

### PRELIMINARY STATEMENT

1.

Page 1 of 16– COMPLAINT

Plaintiff Alexandrea Cromwell (hereinafter referred to as "plaintiff") asserts claims for sex discrimination and related retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") (42 §§ 2000, et seq.) and state law (ORS 659A.004 et. seq., ORS 659A.030, et. seq.). Plaintiff also asserts claims of aiding and abetting sex discrimination and related retaliation under state law (ORS 659A.030, et. seq.). Plaintiff further asserts claims for violations of the Oregon Family Leave Act (OFLA) and Oregon Victims of Certain Crimes Leave Act (OVCCLA). Plaintiff demands a jury trial. The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' state law claims are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because the events giving rise to this complaint occurred in Multnomah County, Oregon. Defendant, University Club (hereinafter referred to as "the Club") is a nonprofit corporation operating its primary place of business in Multnomah County.

4.

Page 2 of 16– COMPLAINT

At all times relevant, the Club employed plaintiff at its restaurant located in Multnomah County, Oregon, and conducted regular, substantial and sustained business activity in the State of Oregon, including but not limited to Multnomah County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.

Plaintiff has exhausted all administrative remedies necessary to proceed on her state law claims.  Plaintiff timely filed complaints with the Equal Employment Opportunity Commission (EEOC) and the Bureau of Labor and Industries (BOLI).  BOLI sent a right to sue letter to plaintiff on June 12, 2017.

## FACTUAL ALLEGATIONS

6.

During the term of plaintiff's employment, the Club was an employer with 25 or more employees in twenty or more calendar weeks in the current or previous calendar year, and is subject to the requirements of Title VII, and state anti-discrimination/retaliation laws pursuant to ORS Chapter 659A, Oregon Family Leave Act, and Oregon Victims of Certain Crimes Leave Act.  Plaintiff was an employee entitled to the protections provided under state anti-discrimination/retaliation laws, pursuant to ORS Chapter 659A, Oregon Family Leave Act, and Oregon Victims of Certain Crimes Leave Act.

7.

The Club is a corporation engaged in a nonprofit social club business.  Plaintiff was hired by the Club as a waitress in or around September 6, 2015.  Plaintiff is female.

8.

Page 3 of 16– COMPLAINT

Tom Penn (hereinafter referred to as "Penn") and Josh Wilcox (hereinafter referred to as "Wilcox") supervisor at the Club, and was the direct supervisor of plaintiff.   Penn and Wilcox controlled plaintiff's scheduling, and had the authority to discipline, hire and fire at the Club.

9.

During plaintiff's employment with the Club, she was subjected to sexual harassment by a male co-worker who worked as a dishwasher, because of her sex.  On at least one occasion, the co-worker followed plaintiff as she walked up the stairs so that he could watch from behind.  He asked to take plaintiff's picture, while at work and on the clock, however plaintiff refused.  On another occasion, the co-worker took a video of plaintiff without her consent.  On several occasions, the co-worker made sexual grunts as plaintiff walked by.  On one occasion the co-worker pointed at plaintiff's intimate part and said "nice pants."  This type of sexual harassment began during plaintiff's first week of work and continued for over year.

10.

The first three months of plaintiff's employment was a probationary period, as a result plaintiff did not feel comfortable complaining about the co-worker's sexual harassment.  After plaintiff completed the probationary period, she notified Penn of the co-worker's behavior, who responded by saying he would keep an eye-out.  After no action was taken, plaintiff began to be subjected to sexual harassment by the co-worker on a daily basis.

11.

Plaintiff then complained to Wilcox, however no adequate corrective actions were taken and the harassment continued.  During plaintiff's second complaint to Wilcox, he laughed it off and took no corrective action.  In response, plaintiff was told her attitude and performance were poor.

Page 4 of 16– COMPLAINT

12.

Due to Penn and Wilcox's failure to take adequate corrective action, plaintiff then reported the matter to human resources. After a year of notifying the Club of the co-worker's sexual harassment, management spoke with the co-worker. The co-worker quit a week later.

13.

Plaintiff was also subjected to sexual harassment by a frequent customer of the Club, Mr. Thompson. Mr. Thompson came to the club at least once a month, if not more frequently. He was known by the wait staff and management to engage in sexually charged, inappropriate behavior with the female waitresses. On one such occasion, Mr. Thompson grabbed plaintiff by the wait, puller her to him, felt her bra strap, and whispered into her ear. Plaintiff reported this to both Wilcox and Penn, however both responded with laughed and indicated this was common behavior for Mr. Thompson. Wilcox, Penn, and the Club failed to take meaningful action in response to this club member's known conduct.

14.

On October 22, 2016, plaintiff was physically attacked by her ex-spouse and sustained injuries to her face in an incident constituting domestic violence. Plaintiff informed her manager and asked for time off to attend court proceedings and medical appointments. Her manager responded by requiring her to find others to cover her shifts and required a doctor's note for each appointment. Additionally, plaintiff was required to provide a note from the District Attorney and police reports of the criminal conduct. A short time after she requested time off, plaintiff's supervisors announced during a staff meeting that no one could take time off until the end of January 2017. Prior to this announcement, plaintiff had been allowed to take time off, however

Page 5 of 16– COMPLAINT

each time she returned to work she was subjected to bullying by management and/or was ostracized for taking time off.

15.

On February 1, 2017, plaintiff asked for the day off because the previous night her ex-spouse had come to the Club and shattered her car window in her presence. The ex-spouse was unable to be located by police. Plaintiff had asked Wilcox for the day off because the stress and anxiety of this attacked coupled with her assailant being at large was over whelming. Wilcox responded to her request for the day off by stating that she could not return to work until she provided a doctor's note. After returning to work, she was again bullied and/or ostracized by management for taking time off.

16.

In February 2017, plaintiff requested leave under the Oregon Family Leave Act (OFLA) for her own serious health condition. The Club denied her request. Plaintiff made a second request for OFLA leave, which the Club approved from March 7, 2017 through March 14, 2017. Plaintiff provided the Club a doctor's note recommending she be granted leave, and indicated that she may require more than a week of leave.

17.

Plaintiff had regularly been in contact with the Club during her leave. On March 15, 2017, human resources informed plaintiff that due to her lack of communication, they considered her to have resigned. Human resources subsequently gave plaintiff one day to present an update of her medical information, which she promptly provided. Despite this, on March 17, 2017, manager Shelly Carlisle terminated plaintiff's position with the Club.

## FIRST CLAIM – VIOLATIONS OF TITLE VII

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

**(Count 1 – Sex Discrimination Against Defendant University Club)**

18.

Plaintiff incorporates and re-alleges paragraphs 1 through 17 by this reference. Pursuant to 42 USC § 2000e-2(a), "it is an unlawful employment practice for an employer" to discharge an individual, "or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin . . ."

19.

Defendant University Club violated this statute when it subjected plaintiff to disparate treatment based on her sex and thereby adversely affected the compensation, terms, condition and/or privileges of plaintiff's employment.

20.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 §§ 1988 and 2000e-5(k).

**(Count 2 – Retaliation for Opposing Sex Discrimination against Defendant University Club)**

21.

Plaintiff incorporates and re-alleges paragraphs 1 through 20 by this reference. Pursuant to 42 U.S.C. § 2000e-3(a), "it shall be an unlawful employment practice for an employer to discriminate against any [of the employer's] employees… because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or . . . has made a charge,

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]."

22.

Defendant University Club violated this statute when it subjected plaintiff to disparate treatment in retaliation for her opposition to defendant University Club's sex discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

23.

Plaintiff has suffered non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

## SECOND CLAIM – STATE SEX DISCRIMINATION

### (Count 1 – Sexual Harassment against Defendant University Club)

24.

Plaintiff incorporates and re-alleges paragraphs 1 through 23 by this reference. According to ORS 659A.030, it is an unlawful employment practice, "for an employer, because of an individual's . . . sex . . .[,] to refuse to hire or employ or to bar or discharge from employment any such individual [or]  . . . to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

25.

Defendant University Club willfully violated this statute when it subjected plaintiff to a hostile work environment based on her sex and thereby adversely affected the compensation, terms, conditions,

Page 8 of 16– COMPLAINT

and/or privileges of plaintiff's employment.  This actionable sexual harassment was exacerbated by, and culminated in, an adverse employment action in the form of constructive discharge.  University Club knew or should have reasonably known of this conduct and failed to take prompt and effective remedial action.

26.

As a result of University Club's sex discrimination, plaintiff requests equitable and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.  Pursuant to ORS 659A.885, plaintiff is also entitled to her reasonable attorney fees and costs in this action.

**(Count 2 – Gender Discrimination against Defendant University Club)**

27.

Plaintiff incorporates and re-alleges paragraphs 1 through 26 by this reference.  According to ORS 659A.030, it is an unlawful employment practice, "for an employer, because of an individual's . . . sex . . .[,] to refuse to hire or employ or to bar or discharge from employment any such individual [or]  . . . to discriminate against such individual in compensation or in terms, conditions, or privileges of employment."

28.

Defendant University Club willfully violated this statute when it subjected plaintiff to disparate treatment based on her sex and thereby adversely affected the compensation, terms, conditions, and/or privileges of plaintiff's employment.  This actionable sexual harassment was exacerbated by, and culminated in, an adverse employment action in the form of constructive termination.  University Club knew or should have reasonably known of this conduct and failed to take prompt and effective remedial action.

29.

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

As a result of University Club's sex discrimination, plaintiff requests equitable and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial.  Pursuant to ORS 659A.885, plaintiff is also entitled to her reasonable attorney fees and costs in this action.

**(Count 3 – Aiding and Abetting Sex Discrimination (Sexual Harassment) against Defendants Tom Penn and Josh Wilcox)**

30.

Plaintiff incorporates and re-alleges paragraphs 1 through 29 by this reference.  According to ORS 659A.030(1)(g), it is an unlawful employment practice for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [ORS 659A] or to attempt to do so."

31.

Defendants Tom Penn and Josh Wilcox violated this statute when they aided and/or abetted University Club in its sex discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

32.

As a result of Josh Wilcox and Tom Penn's aiding and abetting activities, plaintiff request equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial. Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

**(Count 4 – Aiding and Abetting Sex Discrimination (Gender Discrimination) against Defendants Tom Penn and Josh Wilcox)**

33.

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

Plaintiff incorporates and re-alleges paragraphs 1 through 32 by this reference.  According to ORS 659A.030(1)(g), it is an unlawful employment practice for "any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [ORS 659A] or to attempt to do so."

34.

Defendants Tom Penn and Josh Wilcox violated this statute when they aided and/or abetted University Club in its sex discrimination, and thereby adversely affected the compensation, terms, conditions and/or privileges of plaintiff's employment.

35.

As a result of Tom Penn and Josh Wicox's aiding and abetting activities, plaintiff request equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial. Pursuant to ORS 659A.885, plaintiff is entitled to her reasonable attorney fees and costs in this action.

## <u>THIRD CLAIM – VIOLATIONS OF OFLA</u>

### (Count 1 – Interference with Family Leave Rights against Defendant University Club)

36.

Plaintiff incorporates and re-alleges paragraphs 1 through 35 by this reference.  Pursuant to ORS 659A.183, "It is an unlawful practice for a covered employer to (1) deny family leave to which an eligible employee is entitled under ORS 659A.150 to 659A.186."  Defendant University Club willfully violated this statute when it interfered with and/or denied plaintiff the ability to exercise her family leave rights pursuant to OFLA, discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

37.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with

Page 11 of 16– COMPLAINT

compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

**(Count 2 – Discrimination and Retaliation relating to Exercise of Family Leave Rights against Defendant University Club)**

38.

Plaintiff incorporates and re-alleges paragraphs 1 through 37 by this reference. Pursuant to ORS 659A.183, "It is an unlawful practice for a covered employer to (2) Retaliate or in any way discriminate against an individual with respect to hire or tenure or any other term or condition of employment because the individual has inquired about the provisions of ORS 659A.150 to 659A.186, submitted a request for family leave or invoked any provision of ORS 659A.150 to 659A.186." Defendant University Club willfully violated this statute when it discriminated and/or retaliated against plaintiff due to her exercise of family leave rights under OFLA, discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

39.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.

## FOURTH CLAIM – VIOLATIONS OF OVCCLA

**(Against Defendant University Club)**

40.

Plaintiff incorporates and re-alleges paragraphs 1 through 39 by this reference. Pursuant to ORS 659A.277, "It is an unlawful employment practice for a covered employer to deny leave to an eligible employee or to discharge, threaten to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

terms, conditions or privileges of employment because the employee takes leave as provided in ORS 659A.272." Defendant University Club willfully violated this statute when it discriminated and/or retaliated against plaintiff due to her exercise of leave rights under OVCCLA, discharged her on that basis, and thereby adversely affected the compensation, terms and privileges of plaintiff's employment.

41.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to her reasonable attorney fees and costs.


WHEREFORE, Plaintiff demands the following for her claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief

    A. Count 1 – Against Defendant University Club – Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

    B. Count 2 – Against Defendant University Club – Non-economic and economic damages in an amount to be determined at the time of trial. Plaintiff seeks recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e-5(k).

2. Second Claim for Relief

    A. Count 1 – against Defendant University Club – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with

Page 13 of 16– COMPLAINT

interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

B.  Count 2 – against Defendant University Club – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

C.  Count 3 – against Defendants Tom Penn and Josh Wilcox – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

D.  Count 4 – against Defendants Tom Penn and Josh Wilcox– Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

3.  Third Claim for Relief

A.  Against Defendant University Club – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with compensatory and punitive damages, in an amount to be determined at trial, along with her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

B.  Against Defendant University Club – Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial, along with

**JON H. WEINER,** Attorney at Law
Harris Law Firm, *Of Counsel*
1415 Commercial Street SE, Salem, OR 97302
Tel. (503)399-7001  Fax (503)399-0745

compensatory and punitive damages, in an amount to be determined at trial, along with her

reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

4.    Fourth Claim for Relief

A.    Against Defendant University Club – Equitable relief and economic damages, including back

pay, lost benefits and front pay, in an amount to be determined at trial with interest, along

with compensatory and punitive damages, in an amount to be determined at trial, along with

her reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.


DATED: this 11th day of September, 2017.


_____/s/ Kim Davis_____
Kim Davis, OSB #162240
kdavis@nw-attorneys.com
Law Office of Jon Weiner
1415 Commercial Street SE
Salem, Oregon 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiff


Page 15 of 16– COMPLAINT